UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HARMEL GRANUEL DERECK,<br><br>      Petitioner,<br><br>     v.<br><br>KRISTI NOEM,<br><br>      Respondent. | Case No.: 1:26-cv-02086-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1]<br><br>[10-DAY DEADLINE] |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on March 16, 2026. (Doc. 1.) Petitioner raises several claims concerning his re-detention: 1) He alleges his continued detention violates 8 U.S.C. § 1231(a)(6) as interpreted by Zadvydas v. Davis, 533 U.S. 678 (2001), because there is no significant likelihood of removal in the reasonably foreseeable future; 2) Petitioner's potential removal to Mexico is not reasonably likely in the foreseeable future; 3) Respondents failed to follow their own regulations in re-detaining Petitioner; and 4) Petitioner's potential removal to a third country does not include a right to

review a fear claim before an immigration judge in violation of his constitutional rights. (Doc. 1 at 19-23.)

On March 17, 2026, the Court issued an order on Petitioner's third claim for relief, directing Respondents to show cause as to whether there were any factual or legal issues that distinguished the case from the Court's prior decisions in Vu v. Noem, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 2939179 (E.D. Cal. Oct. 15, 2025); Nguyen v. Warden, No. 2:25-CV-03297-SKO (HC), 2026 WL 72110 (E.D. Cal. Jan. 9, 2026); Duong v. Charles, No. 1:25-CV-01375-SKO (HC), 2025 WL 3055188 (E.D. Cal. Oct. 31, 2025).

On March 21, 2026, Respondents filed a response to the petition. (Doc. 8.) Respondents contend that Petitioner's detention is lawful under Zadvydas, and that ICE's revocation of Petitioner's release comported with governing regulations. Respondents argue that the instant case is distinguishable from the previous cases noted above.

Upon review of the pleadings, the Court finds merit to Petitioner's third claim and will recommend the petition be granted.

**I.      BACKGROUND**

Petitioner is a native and citizen of Honduras. (Doc. 1 at 12.) On August 16, 2018, an Immigration Judge ("IJ") ordered Petitioner removed to Honduras, but granted withholding of removal under the Convention Against Torture. (Id.) On October 1, 2018, Petitioner was released on an order of supervision ("OSUP"). (Doc. 1-3 at 3.)  Petitioner then lived and supported his family in the United States, and applied for and received work authorization. (Doc. 1 at 13).

At Petitioner's most recent ICE check-in on February 19, 2026, without forewarning, ICE officers arrested Petitioner and placed him into custody. (Doc. 1 at 14.)

Petitioner was provided a Notice of Revocation of Release. (Doc. 1-3 at 3.) Notably, the document is signed February 27, 2026, which is eight days after Petitioner was taken into custody. (Doc. 1-3 at 4.) As the reason for re-detainment, the form states "Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." (Doc. 1 at 3.) The document does not state what those circumstances are, or how they have changed. There is no evidence that Petitioner violated the OSUP, and the check-box for whether ICE believed Petitioner

had violated a condition of release was unchecked. (Doc. 1-3 at 3.) The form further acknowledged that Petitioner had been ordered removed to Honduras and had been granted withholding of removal; the form also indicated that an alternate country for removal was under review. (Doc. 1-3 at 4.) The alternate country was not identified.

On February 27, 2026, Petitioner was provided an informal interview to respond to the Notice of Revocation of Release. (Doc. 1-8 at 3.) Petitioner apparently made no statement. (Id.)

On March 12, 2026, Petitioner was interviewed for potential removal to Mexico as an alternate country. (Doc. 7-2 at 1.) Petitioner indicated a fear of persecution. (Id.) The asylum officers conducting the interview concluded that Petitioner had not established that he would be persecuted on account of a protected ground or tortured in Mexico. (Doc. 7-1.)

## II.    DISCUSSION

### A.  Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

### B.  Revocation of Release on Supervision

In claim three of the petition, Petitioner alleges the Government failed to comply with its own regulations, (8 C.F.R. § 241.13), when it re-detained Petitioner on February 19, 2026. (Doc. 1 at 21-23.) In their response, Respondents claim they properly notified Petitioner and provided him with an informal interview.

As an initial matter, to revoke a removable alien's release under section 241.13(i)(2), ICE must determine that the alien is significantly likely to be removed in the reasonably foreseeable future "on

account of changed circumstances."[1]  § 241.13(i)(2). Here, the Government merely recited the assertion that "Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." (Doc. 1-3 at 3.) Later, the form indicated that Petitioner's case was under review for removal to an alternate country. (Doc. 1-3 at 4.) There is no indication that the Government had even started the process of arranging Petitioner's removal to Mexico, such as acquiring a travel document. The notice is vague and conclusory because it does not provide any information regarding the changed circumstances and how the changed circumstances made Petitioner's removal significantly likely in the reasonably foreseeable future.

The notice also fails to reference and/or address any of the relevant factors under 8 C.F.R. § 241.13(f), which include, among other things, an examination of past and ongoing efforts to remove petitioner to a specific country, the "reasonably foreseeable results of those efforts," and the Department of States view "regarding the prospect for removal" of petitioner to the specific country. See 8 C.F.R. § 241.13(f) (listing factors for consideration under 8 C.F.R. § 241.13). As the court in Yan-Ling X. noted:

> Respondents fail to explain why [the country of removal] did not issue a travel document in the past or why [the country of removal] is likely to issue a travel document for petitioner in the reasonably foreseeable future. Respondents do not explain whether the United States and [the country of removal] have a repatriation agreement in place, do not explain whether removals to [the country of removal] are common, do not identify what considerations the Government of [the country of removal] might take into account when deciding whether to issue a travel document, and do not explain whether the Government of [the country of removal] will look favorably upon petitioner's case.

Yan-Ling X. v. Lyons, No. 1:25-cv-1412 KES CDB, ___ F. Supp. ____, 2025 WL 3123793, at *4 (E.D. Cal. Nov. 7, 2025). With "no evidence of an actual determination of changed circumstances that justified the initial revocation of [Petitioner's] release," the Court finds the Government has violated section 241.13(i)(2).  See, e.g., Sphabmixay, 2025 WL 3034071, at *2 (finding the same); Hoac v. Becerra, No. 2:25-cv-1740 DC JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025) (same). "[F]ailure to

---

[1] The Court notes that section 241.13(i)(1) provides another avenue for the Government to revoke release under section 241.13 in instances where an alien "violates the conditions of release."  There is no evidence that Petitioner violated a condition of his release, and the check-box for indicating this as a reason was unchecked. Therefore, the Court finds the subsection inapplicable.

notify petitioner of the reasons for revocation beyond 'changed circumstances' ... violates 8 C.F.R. § 241.13(i)(3)." Saqib v. Andrews, No. 1:25-cv-2035 DC CSK, 2026 WL 350830, at *5 (E.D. Cal. Feb. 9, 2026); see also Sarail A., 803 F. Supp. 3d at 780 (finding violation of § 241.13(i)(3) based on inadequate notice).

The Government has not submitted evidence that it made any determination regarding a change in circumstances prior to Petitioner's detention. The only evidence available shows the determination was made eight days after Petitioner's arrest. (Doc. 1-3 at 4.) Section 241.13(i)(2) "requires that this determination is made *before* the removable alien has had his release revoked." Tran v. Noem, No. 25-cv-2391-BTM-BLM, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) (emphasis added); see also Sphabmixay v. Noem, No. 25CV2648-LL-VET, 2025 WL 3034071, at *2 (S.D. Cal. Oct. 30, 2025); Phakeokoth, v. Noem, No. 3:25-CV-02817-RBM-SBC, 2025 WL 3124341, at *5 (S.D. Cal. Nov. 7, 2025).

Second, even if the Government had made a determination based on legally sufficient "changed circumstances," the Court finds the Government also violated section 241.13(i)(3)'s notice requirement. Section 241.13(i)(3) sets forth "revocation procedures" governing revocation carried out pursuant to this section. Revocation of release pursuant to 8 C.F.R. § 241.13(i), requires the following three procedures: (1) a notice of the "reasons for revocation," (2) a "prompt" initial informal interview after re-detention, and (3) an opportunity to respond to the reasons stated for revocation.

Here, despite the Notice of Revocation indicating Petitioner would be afforded an informal interview on February 19, 2026, the form was not signed until February 27, 2026. (Doc. 1-3 at 4.) The exhibits instead show that Petitioner may have been provided an informal interview on February 27, 2026. (Doc. 1-8 at 3.) There were no reasons articulated in this form, and Petitioner, understandably, had no oral response regarding the reasons for revocation. (Id.) As to possible removal to Mexico, it appears Petitioner was interviewed on March 12, 2026--nearly one month after Petitioner was arrested. (Doc. 7-1.) This does not constitute a prompt informal interview.

The Court finds Respondents failed to comply with its own regulations in revoking Petitioner's release. Courts "have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered." Truong v. Noem, No. 25-cv-

5

2597-JES-MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases).  Even if the Government were to obtain a travel document from Mexico subsequent to re-detainment, Petitioner would still be entitled to release. Id. at *1–6 (granting habeas and releasing the petitioner with a deportation order back on supervision when the respondents failed to comply with § 241.13(i) and § 241.4(l) despite later securing travel documents for his country of origin); Tran, 2025 WL 3005347, at *1–4 (same); Sphabmixay, 2025 WL 3034071, at *3; Phakeokoth, 2025 WL 3124341, at *5 ("Respondents also fail to specify whether ICE requested travel documents for Petitioner before or after his arrest.  Thus, ICE's revocation of Petitioner's release does not appear to have been 'on account of' changed circumstances.").  The Court should follow suit.

Because the Government was required to, but failed to comply with section 241.13(i) when it revoked Petitioner's supervised release on February 19, 2026, issuing a writ to reinstate that release is warranted to preserve the status quo before the Government's unlawful actions. The status quo *ante litem* is "the last uncontested status which preceded the pending controversy[.]" GoTo.com, Inc. v. Walt Disney, Co., 202 F.3d 1199, 1210 (9th Cir, 2000) (quoting Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir. 1963)); see Ariz. Dream Act Coalition v. Brewer, 757 F.3d 1053, 1061 (9th Cir. 2014) ("the 'status quo' refers to the legally relevant relationship between the parties before the controversy arose") (citing McCormack v. Hiedeman, 694 F.3d 1004, 1020 (9th Cir. 2012)).

Petitioner had been on supervised release for over seven years when he was re-detained. Because Petitioner challenges his re-detention, the last uncontested status of Petitioner was before he was re-detained on February 19, 2026. See Doe, 2025 WL 691664, at *2 ("It is questionable whether that status quo is properly considered to be detention when the Government suddenly took an allegedly unconstitutional action in rearresting Petitioner without a hearing."); Domingo-Ros v. Archambeault, No. 25-cv-01208-DMS-DEB, 2025 WL 1425558  (S.D. Cal. May 18, 2025) (granting an injunction for petitioners that sought a "probationary injunction" to "preserve the status quo preceding this litigation—their physical presence in the United States free from detention"); Pinchi v. Noem, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *3 (N.D. Cal. Jul. 4, 2025) (finding that the "moment prior to the Petitioner's likely illegal detention" is the status quo). Accordingly, Petitioner should be granted immediate release to return him to the status quo.

## III.    RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that the petition for writ of habeas corpus be GRANTED, Petitioner be released with the same conditions of supervision in place prior to his re-detention on February 19, 2026, and Respondents be enjoined from re-detaining Petitioner unless and until it follows the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 23, 2026**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

7