**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARMEL GRANUEL DERECK,<br><br>       Petitioner,<br><br>    v.<br><br>KRISTI NOEM,<br><br>       Respondent. | No.  1:26-cv-02086 JLT SKO (HC)<br><br>A-Number: 202-137-773<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO RELEASE PETITIONER, ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>(Doc. 11) |

Harmel Granuel Dereck is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On March 24, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition.  (Doc. 11.)  The Court served the Findings and Recommendations on all parties and notified them that objections were due within ten days.  (*Id*. at 7.)  The Court advised them that "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).)  On April 3, 2026, Respondents filed objections to the Findings and Recommendations, objecting based on the "reasons set forth in Respondents' March 21, 2026, briefing."  (Doc. 12; *see also* Doc. 8.)  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court

1

performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Though the government claims that Petitioner's re-detention is justified because the government has initiated the process for third country removal to Mexico, the government nonetheless fails to meet its burden of proving that removal is significantly likely to occur in the reasonably foreseeable future under the applicable regulation. As the Findings and Recommendations notes, 8 C.F.R. § 241.13(i)(2) applies to this case. (Doc. 11 at 3–4.)

On or around August 16, 2018, ICE took Petitioner into custody after he was ordered removed, but approximately "one-and-a-half months" later, on October 1, 2018, ICE released the Petitioner on an "Order of Supervision pursuant to 8 U.S.C. § 1231(a)(3)" because it was unable to effectuate his removal to Honduras.[1] (Doc. 8 at 2, 4 n. 3); 8 U.S.C. § 1231(a)(3) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."). When ICE releases an individual subject to a final order of removal because it could not effectuate their removal during the applicable period, as ICE did here, 8 C.F.R. § 241.13 governs. *See* 8 C.F.R. § 241.13(a), (b)(1). Under this regulation, to revoke a petitioner's release on order of supervision, the *government* bears the burden of showing that "on account of changed circumstances" there is now a "significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id*. at § 241.13(i)(2).[2]

As the Findings and Recommendations explain, Respondents failed to meet their burden in this case. (Doc. 11 at 4.) Respondents argue that removal is reasonably foreseeable because

---

[1] The Immigration Judge granted Petitioner's application for withholding of removal to Honduras under the Convention Against Torture, hence ICE's inability to remove him to Honduras during the removal period. (*See* Doc. 8 at 2.)

[2] Respondents' argument that, under *Zadvydas v. Davis*, 533 U.S. 678, 690, 701 (2001), Petitioner's detention is presumptively reasonable because the six-month post-removal detention period has not yet elapsed is unpersuasive. (*See* Doc. 8 at 4.) Time and again, this Court has rejected such argument in this context. *See e.g., Hai Thanh Le v. Chestnut, et al.*, No. 1:26-cv-01750-JLT-SAB, 2026 WL 809891, at *4 (E.D. Cal. Mar. 24, 2026) (collecting cases). Respondents' reliance on *Tanha* and *Ghamelian* are inapposite as those cases are from the District of Maryland, which are not binding on this Court. (Doc. 8 at 4 [citing *Tanha v. Warden*, No. 1:25-cv-02121-JRR, 2025 WL 2062181, at *7 (D. Md. July 22, 2025) and *Ghamelian v. Baker*, No. SAG-25-02106, 2025 WL 2049981, at *4 (D. Md. July 22, 2025)].)

2

"ICE is actively pursuing Petitioner's removal to Mexico," as evidenced by a third country screening worksheet which indicates that an asylum officer found Petitioner was not likely to be persecuted or tortured if removed to Mexico.  (*See* Doc. 8 at 5; Doc. 8-1 at 2.)  However, the third country screening notice also states that the "assessment made by the DHS asylum officer . . . will be considered by DHS in determining whether [Petitioner] may be sent to Mexico." (Doc. 8-2.) This suggests that Respondents have not yet made a final decision or determination of their ability to remove the Petitioner to Mexico, much less any efforts to obtain travel documents or coordinate with the Mexican government regarding Petitioner's removal.  (*See id.*)  Additionally, Respondents concede that "removal is not currently scheduled" and that the "removal process takes time," (Doc. 8 at 5), yet fail to indicate how much time.  (*See id.*)  Such evidence is insufficient to show that Petitioner's removal to Mexico is significantly likely to occur in the reasonably foreseeable future.

Based on the foregoing, the Court **ORDERS**:

1.      The Findings and Recommendations issued on March 24, 2026, (Doc. 11), are **ADOPTED** in full.

2.      The petition for writ of habeas corpus is **GRANTED**.

3.      Respondents are **ORDERED TO RELEASE** Petitioner immediately with the same conditions of supervision in place prior to his re-detention on February 19, 2026.

4.      Respondents are **ENJOINED**[3] from re-detaining Petitioner unless and until it follows the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

///

///

///

///

---

[3]  If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest.

5.      The Clerk of Court is directed to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 6, 2026**

UNITED STATES DISTRICT JUDGE